UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAYDA SANCHEZ,

    Plaintiff,

    v.

MORTGAGEIT, INC., et al.,

    Defendants.
_____/

No. C 10-4146 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Defendants' motions to dismiss the complaint came on for hearing before this court on December 1, 2010. Plaintiff Mayda Sanchez ("plaintiff" or "Sanchez"), appeared pro se. Defendants MortgageIt, Inc. ("MortgageIt"), and Wells Fargo Bank NA ("Wells Fargo"), appeared through their respective counsel, Blake Cunningham, Scott Lawson, and Raymond Cho. Defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") (all collectively "defendants") did not enter an appearance at the hearing. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court GRANTS defendants' motions to dismiss, for the reasons stated at the hearing, and summarized as follows.

1.    Plaintiff's quiet title claim against defendants Wells Fargo and Freddie Mac is DISMISSED with prejudice. Plaintiff alleges that she is the "owner" of "the property" in question, but the exhibits attached to plaintiff's own complaint demonstrate that this is not the case. See Complaint, ¶ 5. Rather, the foreclosure proceedings from which plaintiff seeks relief were completed in July 2009. See id., Exs. G, J. As such, and since plaintiff's complaint was not filed until August 2010, plaintiff cannot allege either ownership in or possession of the property. Nor does plaintiff allege any alternative ownership interest in

the property. This deficiency is fatal to plaintiff's quiet title claim. See, e.g., South Shore Land Co. v. Petersen, 226 Cal. App. 2d 725, 740-741 (1964)(in ordinary action to quiet title, it is sufficient to allege in simple language that the plaintiff is the owner and in possession of the land and that the defendant claims an interest therein adverse to him). Moreover, tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity of a foreclosure procedure – as plaintiff's quiet title claim substantively does here. See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996)(tender rule applies to any cause of action for irregularity in sales procedure); Yamamoto v. Bank of New York, 329 F.3d, 1167, 1173 (9th Cir. 2003). Since plaintiff also fails to allege tender of the amount owed, her quiet title claim fails for this additional reason.

  2. Plaintiff's claim to set aside wrongful foreclosure under Cal. Civil Code §§ 2923.5 and 2924 is also deficient. The only remedy provided under the "plain language" of section 2923.5, read in conjunction with section 2924g, is a postponement of the foreclosure sale before it happens. See Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (2010). As already noted, here, the foreclosure sale has already occurred. Thus, plaintiff's claim against all three defendants is moot, and is DISMISSED with prejudice.

  3. Plaintiff's claim for violation of Cal. Civil Code § 2923.6 fails. As two defendants note, this section does not operate substantively, and thus does not authorize any private right of action. See Mabry, 185 Cal. App. 4th at 222 ("consider section 2923.6, which does not operate substantively. Section 2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms."). As the Mabry court furthermore noted, the statute "conspicuously does not require lenders to take any action." Id. Thus, the motion to dismiss plaintiff's third cause of action against Wells Fargo and Freddie Mac is GRANTED, and the claim is dismissed with prejudice.

  4. Plaintiff's fourth cause of action alleging slander of title against defendants Wells Fargo and Freddie Mac fails to state a valid cause of action. Plaintiff bases her

1  slander of title claim on the registration of the Notice of Default against the property on
2  December 11, 2008, and the Notice of Trustee's sale that was subsequently recorded
3  against the property. See Complaint, ¶¶ 160-61. These documents, however – including
4  their mailing, publication, and delivery as required by statute – constitute "privileged
5  communications" pursuant to Cal. Civil Code § 47. See Civ. Code § 2924(d)(1). Thus,
6  since no action based upon these protected documents may lie, the court DISMISSES
7  plaintiff's claim with prejudice.

8      5.    Plaintiff's fraud claim against all three defendants fails for two reasons. First,
9  plaintiff's claim falls short of the standards set forth in Federal Rule of Civil Procedure 9(b).
10 Plaintiff generally alleges wrongful conduct by all "defendants" collectively, without a
11 particularized description as to which individual defendant engaged in what specific
12 conduct. Plaintiff also fails to specifically identify the misrepresentations made by each
13 individual defendant, and the date or circumstances under which such misrepresentations
14 were made. See, e.g., Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir.
15 2003). Thus, plaintiff's fraud claim must be dismissed for failure to allege fraud with
16 particularity. Second, to the extent plaintiff's claim alleges defendants' wrongful conduct in
17 connection with representations allegedly made at the time plaintiff's loans originated on
18 December 13, 2006, see Complaint ¶ 173, the claim is time-barred. Actions for fraud –
19 whether premised under the common law of fraud or statutory fraud – are subject to a three
20 year statute of limitations. See Cal. Code Civ. Proc. § 338(d); Cal. Civ. Code § 1572.
21 Since the complaint was not filed until August 3, 2010, a fraud claim premised on the
22 foregoing is untimely. Accordingly, plaintiff's fraud claim is DISMISSED. The dismissal is
23 with prejudice, to the extent premised on allegations of conduct in connection with loan
24 origination. To the extent premised on other conduct, plaintiff is granted leave to amend
25 the claim, in order to allege such wrongful conduct with particularity, and in accordance with
26 the heightened pleading requirements of Rule 9(b).

27     6.    Plaintiff's cause of action to Cancel the Deed of Trust fails for two reasons:
28

first, the claim itself sounds in fraud, since plaintiff alleges that the Deed of Trust is void "because plaintiff was fraudulently induced into entering into and making payments called for in the loan by the Lender Defendants and one or more of the Doe defendants." See Complaint, ¶ 215.  Thus, the claim fails for the same reasons discussed in connection with the fraud claim – i.e., failure to allege fraud with particularity.  Second, to state a claim pursuant to Civil Code § 3412, plaintiff must allege that she has restored everything of value received from the loan transaction.  See Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal.App.3d 447, 457 (1981).  The complaint fails to do so.  Thus, the claim fails for this additional reason.  Accordingly, the claim against all three defendants is DISMISSED, and plaintiff's failure to satisfy the court that she could cure the claim with any amendment to allege a restoration of value received from the loan transaction warrants a dismissal with prejudice.

7. Plaintiff's claim for violation of California Business & Professions Code § 17200 claim against all three defendants is deficient.  As a basis for the claim, plaintiff alleges that defendants – collectively – engaged in various fraudulent misrepresentations.  For the reasons already noted herein – i.e., plaintiff's failure to allege these purported fraudulent misrepresentations with particularity – the section 17200 claim also fails.  Thus, the is DISMISSED as to all defendants.  However, plaintiff is granted leave to amend in order to attempt to cure the pleading deficiencies noted herein, and in order to allege any alternative basis for liability under section 17200, if applicable.

8. Plaintiff's claim for violation of California Civil Code § 1572 against all defendants, alleging statutory fraud, warrants dismissal for failure to allege fraud with particularity, as already stated herein.  In addition, because plaintiff's allegations pursuant to Civil Code § 1572 are premised entirely on defendants' allegedly wrongful conduct in connection with loan origination, this claim as a whole is time-barred, as it was filed more than three years beyond the loan origination date.  See Cal. Code Civ. Proc. § 338(d); Cal. Civ. Code § 1572.  Defendants' motions to dismiss the claim are accordingly GRANTED,

4

with prejudice.

9. Plaintiff's cause of action for declaratory relief against all defendants is DISMISSED with prejudice. An action for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties. McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 800 (2008). As seen with respect to plaintiff's remaining causes of action, however, there is no actual controversy present regarding the legal rights of the parties. Moreover, where there is an accrued cause of action for a past breach of contract or other wrong, or where an adequate remedy exists at law, declaratory relief is inappropriate. See Canova v. Trustees of Imperial Irrigation District Employee Pension Plan, 150 Cal. App. 4th 1487, 1497 (2007)("Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs"). Here, there are no future rights in question. Rather, the foreclosure sale has already occurred and plaintiff can only seek to redress past wrongs. Accordingly, declaratory relief is inappropriate.

10. Plaintiff's claim for injunctive relief against Wells Fargo and Freddie Mac does not state an independent cause of action and is not properly brought before the court. Shamsian v. Atl. Richfield Co., 107 Cal.App.4th 967, 984-85 (2003). Accordingly, the claim is DISMISSED with prejudice.

12. Finally, plaintiff's claim for intentional infliction of emotional distress against all defendants is also DISMISSED. In order to state a claim for intentional infliction of emotional distress, plaintiff must allege extreme or outrageous conduct by defendants. To be outrageous, conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. See, e.g., Fowler v. Varian Assoc., Inc., 196 Cal. App. 3d 34, 44 (1987). Here, plaintiff alleges only that defendants' purportedly wrongful actions in foreclosing on her property constitute "outrageous or reckless" conduct. Complaint, ¶ 246. These allegations fail to reach the threshold for sufficient pleading of extreme and/or outrageous conduct. Plaintiff, moreover, has failed to persuade the court that she could

amend the complaint in a manner that would meet the requirements for "outrageous or reckless" conduct. As such, the court dismisses the claim with prejudice.

In sum, and based on all the foregoing, the court dismisses with prejudice all claims against defendants Wells Fargo, Freddie Mac, and MortgageIt, with the exception of plaintiff's claims for fraud, and for violation of Cal. Bus. & Prof. Code § 17200. Leave to amend is granted with respect to these claims. In addition, leave to amend is granted so that plaintiff may allege additional federal claims, as represented by plaintiff at the hearing on this matter. Amendment is granted only to the extent and on grounds expressly permitted herein. Any amended complaint is due no later than **March 10, 2011**.

In addition, the court notes that neither of the remaining co-defendants – defendants MERS, and Cal-Western Reconveyance – have filed a joinder in Freddie Mac's removal of the action, nor has either appeared in the action thus far. Accordingly, to the extent plaintiff's complaint states claims against either defendant, these claims remain intact. Plaintiff is instructed, however, to file a proof of service of the summons and complaint with respect to each remaining defendant no later than February 28, 2011, or else risk dismissal of her complaint as to these remaining defendants.

**IT IS SO ORDERED.**

Dated: February 10, 2011

PHYLLIS J. HAMILTON
United States District Judge